COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


SHELBY JEAN CAMDEN

v.          Record No. 0624-95-3          MEMORANDUM OPINION* BY
                                          JUDGE NELSON T. OVERTON
VIRGINIA EMPLOYMENT COMMISSION AND             APRIL 30, 1996
  STONEWALL JACKSON HOSPITAL


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                      George E. Honts, III, Judge

          Terry M. Burt (Legal Aid Society of Roanoke
          Valley, on brief), for appellant.

          Donald G. Powers, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Lisa J. Rowley, Assistant Attorney General,
          on brief), for appellee Virginia Employment
          Commission.

          No brief or argument for appellee Stonewall
          Jackson Hospital.


     Following termination of employment, the Virginia Employment

Commission denied unemployment benefits to Shelby Jean Camden on

the ground that her false statements on her employment

application constituted misconduct related to work.  Camden

appeals from the decision of the circuit court affirming the

commission.  She contends that her conduct was insufficient to

disqualify her from benefits.  We disagree and affirm the

judgment of the circuit court.

     The parties are fully conversant with the record in the

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

cause, and a recitation of the facts is unnecessary to this memorandum opinion.

"The findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A). A claimant is guilty of misconduct when she deliberately violates a company rule reasonably designed to protect the legitimate business interests of the employer. Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). Camden does not deny that her answers on her employment application were inaccurate. We concur with the conclusion of both the commission and the circuit court that the evidence clearly establishes misconduct by claimant that bars unemployment benefits as a matter of law. See Code § 60.2-618(2); Branch, 219 Va. at 611-12, 249 S.E.2d at 182.

Accordingly, we affirm the judgment of the trial court.

Affirmed.